IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JODY McCREARY #1694118 | § | |
| v. | § | CIVIL ACTION NO. 6:12cv666 |
| MATT BINGHAM, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Jody McCreary, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As defendants, McCreary sued state district judge Kerry Russell, Smith County District Attorney Matt Bingham, and two assistant district attorneys, Richard Vance and Michael West.

McCreary complained that he was subjected to malicious prosecution and abuse of government power through his prosecution for tampering with evidence. He was convicted of this charge and is currently serving a 12-year sentence in the Texas penitentiary. McCreary has challenged this conviction through a federal habeas corpus petition; his petition was dismissed by the district court, and his appeal of this dismissal remains pending.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted that McCreary has not shown that the challenged conviction has been set aside, so he cannot maintain an action for malicious prosecution. In addition, the Magistrate Judge stated that McCreary seeks only monetary damages against defendants who are protected by judicial or prosecutorial immunity, and that McCreary has not shown that the multiple sanctions which have been imposed on him by the Fifth Circuit have been satisfied. *See, e.g.,*

1

McCreary v. Skeen, et al., slip op. no. 09-40708 (5th Cir., March 18, 2010). The Magistrate Judge thus recommended that the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted, as well as for failure to show proof that the sanctions imposed by the Fifth Circuit have been satisfied.

McCreary filed objections to the Report on October 11, 2012. In his objections, McCreary says first that he was "never convicted and sentenced to 12 years" because Judge Russell "did not pronounce the sentence." Instead, McCreary argues that Judge Russell falsified court records, including the judgment of conviction, thus depriving him of equal protection. This objection is patently without merit.

Next, McCreary states that he is not suing Judge Russell for malicious prosecution, but for "abuse of government power" and "false imprisonment," and that as a result, he does not have to prove that his sentence has been set aside in order to seek relief under Section 1983. This objection lacks merit; McCreary must show that his conviction has been set aside in order to proceed on any claims which implicate the validity of his conviction or confinement. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). This objection is without merit.

Third, McCreary states that he is not seeking "monetary damages," he is seeking "tort damages." In his complaint, McCreary says that he is seeking "tort damages" of 32 million dollars for malicious prosecution and 32 million dollars for false imprisonment. These are monetary damages, which McCreary is seeking for the alleged torts of malicious prosecution and false imprisonment. This objection is without merit.

Finally, McCreary argues that Section 1983 lawsuits may be instituted to sue state employees who are abusing power which is possessed by state law to violate a person's constitutional rights. While this may be correct as an abstract principle of general law, it does not provide McCreary the power to sue defendants possessed of judicial or prosecutorial immunity, nor does it obviate the necessity for McCreary to show favorable termination of his criminal case even were the defendants not immune from suit. His objections are without merit.

McCreary did not object to the Magistrate Judge's conclusions concerning the fact that he has been sanctioned by the Fifth Circuit and that he has not shown proof that these sanctions have been satisfied, which represents another basis upon which his lawsuit may be dismissed; accordingly, he is barred from *de novo* review by the district judge of these findings and conclusions and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 5) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted, and for failure to show proof that the sanctions imposed by the Fifth Circuit in cause no. 09-40708 have been satisfied in full. It is further

ORDERED that a copy of this opinion shall be sent by the Clerk to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 13th day of November, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

3